**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX**

| | | |
|---|---|---|
| JEFFREY RAINER DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 1:2026-cv-0021 |
| | ) | |
| vs. | ) | ACTION FOR BAD FAITH |
| | ) | |
| DELTA AIR LINES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

**NOW COMES**, Delta Air Lines, Inc. (hereinafter "Delta"), and hereby removes to this Court the action from the Superior Court of the Virgin Islands, Division of St. Croix, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, on the grounds that complete diversity of citizenship exists and the amount in controversy exceeds $75,000. The amount in controversy was not reasonably understood to exceed $75,000 until July 18, 2026, when Plaintiff served a seven-figure demand upon Defendant. In support of removal, Delta states as follows:

**<u>The State Court Action</u>**

1. On April 28, 2026, the Complaint was filed against Defendant Delta, in the Superior Court of the Virgin Islands, Division of St. Croix, styled *Jeffrey Rainer Davis v. Delta Air Lines, Inc.*, Case No. SX-2026-cv-00193 (the "State Court Action"). The Complaint alleges causes of action including negligence and battery.

2. As set forth in more detail below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Delta has satisfied the procedural

requirements for removal and this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332.

**<u>Compliance with the Removal Statute</u>**

3.      This Notice of Removal is properly filed in the District Court of the Virgin Islands, Division of St. Croix, pursuant to 28 U.S.C. § 1446, because the Superior Court of the Virgin Islands, Division of St. Croix, is located in this federal judicial district.  See 28 U.S.C. § 1441(a).

4.      This Notice is not being filed with this Court within thirty (30) days of the date of service of the Summons and Complaint on Delta, which service first allegedly occurred on June 16, 2026, through the Registered Agent.  See return of service, **Ex. 1.**[1]  However, the initial pleading did not reasonably contemplate the jurisdictional minimum of $75,000.  28 USC 1332(a).  "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 USC 1446(b)(3).  A written demand was received on July 18, 2026, which indicates Plaintiff seeks far more than the jurisdictional amount.  See also paragraph 9, *infra*.  Accordingly, this Notice of

---

[1] But see two other proofs of service in the same exhibit including one indicating service on June 30, 2026.

Removal is timely under 28 U.S.C. § 1446(b). *Depina v. Iron Mountain Information Management, Inc.*, 2005 WL 1319231 *1 (M.D. Fla. 2005)(post-suit demand letter appropriate in determining if the amount in controversy requirement is met for diversity jurisdiction).

5.    Pursuant to 28 U.S.C. § 1446(a) and the Local Rules of this Court, a copy of the Complaint served upon Delta is attached hereto.  See **Ex. 2.**

6.    Delta answered the Complaint in the Superior Court action on July 8, 2026.  Delta has also opposed several motions, and the Court has issued two orders. All process, pleadings, and orders are attached per 28 U.S.C. § 1446(a) as Ex. 1 and 2.

7.    The undersigned has signed this Notice pursuant to Federal Rule of Civil Procedure 11, in accordance with 28 U.S.C. § 1446(a).

8.    This Court possesses original jurisdiction over this matter pursuant to 28 U.S.C. § 1332, and therefore, removal is proper under 28 U.S.C. §§ 1441(b) and 1446.  Under 28 U.S.C. § 1332, federal courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states."

**Amount in Controversy**

9.    Plaintiff's Complaint alleges he was removed from a flight and that he sustained "[e]conomic damages of approximately $1,000 associated with the 24-

hour travel disruption, including food, transportation, and incidental costs." Compl. paragraph V(a). Notwithstanding this modest claim for economic damages, Plaintiff served a $2.5 million demand on Delta on July 18, 2026. See demand, **Ex. 3**. Even though the claimed economic damages are small, Plaintiff also claims "emotional distress, humiliation, and disruption of travel; [o]ngoing psychological impact; [a]ggravation of existing medical conditions; [and l]oss of dignity]." Compl. paragraph V(b)-(e). Even without alleged "aggravation of existing medical conditions," such intangible damages have recently led to large six- and seven-figure verdicts in this jurisdiction. See *Atl. Hum. Res. Advisors, LLC v. Espersen*, 76 V.I. 583, 599 (V.I. 2022); *LIAT Ltd. v. Cherubin*, 77 V.I. 472, 478 (V.I. 2022)(including dissent bemoaning $1.5 million emotional damage award on a "paucity of evidence"). Plaintiff also asserts a disability-access claim. While Delta denies that Plaintiff is entitled to any damages, the preponderance of evidence -- in light of the claims, July 18 demand, and recent verdicts -- shows that more than $75,000 is in controversy. See also 28 U.S.C. § 1446(c)(2)(A)(ii), which supports a finding, for the purposes of diversity jurisdiction, that the amount in controversy is in excess of $75,000.[2] Accordingly, the matter in controversy exceeds $75,000 as required by 28 U.S.C. § 1332.

---

[2] A defendant who seeks to prove that the amount in controversy is greater than the jurisdictional amount does not automatically concede that the jurisdictional amount is recoverable." 14AA Fed. Prac. & Proc. Juris. § 3702.1, Determination of the Amount in Controversy – Cases Removed from

**<u>Diversity of Citizenship</u>**

10.     The citizenship of a natural person is determined by his domicile. *Chicago & N.W.R.R. v. Ohle*, 117 U.S. 123 (1886).

11.     Plaintiff's Complaint states that Plaintiff is a resident of Florida.  See Compl., last page, under "Respectfully submitted."  However, he has also identified a Kentucky address in more recent correspondence.  Both of those states satisfy diversity as set forth below.

12.     Plaintiff's Complaint alleges that Delta is a commercial airline conducting business in the Virgin Islands and throughout the United States.

13.     Delta is a Delaware corporation with its principal place of business in Atlanta, Georgia.  See printouts from Delaware corporations website and https://www.delta.com/us/en/legal/imprint, **Ex. 4** and **5**.

14.     Accordingly, because Delta is diverse from Plaintiff, and the amount in controversy exceeds $75,000, this action is properly removed under 28 U.S.C. §§ 1332, 1441, and 1446.

15.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be served on all named parties, and a copy is being filed with the Clerk of the Superior Court of the Virgin Islands, Division of St. Croix, where the State Court

---

State Court (4th Ed.).  Here, Delta does not concede whatsoever that the jurisdictional amount in controversy is recoverable or that there is any basis for Plaintiff's allegations.

Action was pending. A copy of the State Court Notice of Filing Notice of Removal, without exhibits, is attached hereto as **Ex. 6.**

16.    By removing this action to this Court, Delta does not waive any defenses, objections, or motions under state or federal law.

**WHEREFORE,** Defendant Delta Air Lines, Inc. requests that this matter proceed in this Court as an action properly removed, and that no further proceedings occur in the State Court Action in the Superior Court of the Virgin Islands.

Respectfully Submitted,

**CSA ASSOCIATES, P.C.**
1138 King Street, Suite 100, Christiansted, VI 00820
TEL: (340) 773-3681

Dated:  July 21, 2026                  By:  /s/ Ryan C. Stutzman
                                            Ryan C. Stutzman, Esq. (VI Bar No. R2053)
                                            *Attorney for Delta Air Lines, Inc.*

### CERTIFICATE OF SERVICE

I do hereby certify that on July 21, 2026, a true and correct copy of the foregoing document was served via CM/ECF to:

Jeffrey R. Davis
jeffuscg@gmail.com

/s/ Ryan C. Stutzman
Ryan C. Stutzman