IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

**FILED**
April 28, 2026 04:11 PM
SX-2026-CV-00193
TAMARA CHARLES
CLERK OF THE COURT **AINT**

## SUPERIOR COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

Jeffrey R. Davis,

Plaintiff,

v.

Delta Air Lines, Inc.,

Defendant.

Civil Action No: SX-2026 CV-193

---

## COMPLAINT

Plaintiff, Jeffrey R. Davis, proceeding pro se, brings this action against Defendant Delta Air Lines, Inc., and states as follows:

---

## I. PARTIES

1. Plaintiff Jeffrey R. Davis is an individual and a passenger who was traveling on Delta Flight DL1809 on February 19, 2026.

2. Defendant Delta Air Lines, Inc. is a commercial airline conducting business in the Virgin Islands and throughout the United States.

---

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter as the events giving rise to this action occurred within the Virgin Islands, Division of St. Croix.

4. Venue is proper in this Court because the incident occurred at or in connection with a flight departing from St. Croix.

---

## III. STATEMENT OF FACTS

5. On February 19, 2026, Plaintiff was a confirmed passenger on Delta Flight DL1809 from St. Croix (STX) to Atlanta (ATL).

**Ex. 2**

6. Plaintiff boarded the aircraft without incident and interacted normally with Delta personnel, including gate agents and flight crew.

7. Plaintiff proceeded to his assigned aisle seat, stowed his belongings, and seated himself.

8. Plaintiff placed an empty cup on his tray table, adjusted the tray, fastened his seatbelt, and held the cup in his hand.

9. Without warning, a flight attendant approached from behind Plaintiff, reached over his shoulder into his personal space, and forcibly removed the cup from Plaintiff's hand.

10. This action involved non-consensual physical contact with Plaintiff's body and hand.

11. No verbal instruction or warning was provided prior to this contact.

12. Shortly thereafter, the aircraft captain instructed Plaintiff to stand, gather his belongings, and exit the aircraft.

13. Plaintiff complied fully with all instructions.

14. At no time prior to removal was Plaintiff:

- subjected to any testing,

- medically evaluated, or

- asked any structured or basic assessment questions.

15. Plaintiff had a disclosed hearing impairment at the time of travel.

16. Defendant failed to provide any accommodation, inquiry, or access to a Complaint Resolution Official (CRO).

17. After removal, Plaintiff was informed by a gate agent that he had been previously considered "perfectly fine to fly."

18. This statement directly contradicts the decision to remove Plaintiff from the aircraft.

19. Plaintiff was left to make arrangements independently without assistance.

20. Plaintiff communicated coherently during this time, including a text message sent at approximately 3:29 PM.

21. Plaintiff was rebooked and transported on the same flight (DL1809) the following day without issue.

22. This subsequent travel further contradicts any claim that Plaintiff was impaired or unfit to fly.

## IV. CAUSES OF ACTION

### Count I – Negligence

23. Defendant owed Plaintiff a duty to exercise reasonable care in evaluating passenger fitness and executing removal decisions.

24. Defendant breached that duty by:

- failing to conduct any objective assessment,

- failing to follow reasonable procedures, and

- removing Plaintiff based on unverified subjective observations.

25. This breach directly caused Plaintiff's removal and resulting damages.

### Count II – Violation of Air Carrier Access Act (14 C.F.R. Part 382)

26. Plaintiff is an individual with a disability, including a hearing impairment.

27. Defendant failed to:

- provide reasonable accommodation,

- conduct appropriate inquiry, and

- involve a Complaint Resolution Official (CRO).

28. Defendant's actions resulted in discriminatory treatment and improper denial of transportation.

### Count III – Battery

29. Defendant's employee made intentional, non-consensual physical contact with Plaintiff.

30. This contact occurred when the flight attendant reached into Plaintiff's personal space and forcibly removed an object from his hand without warning.

31. The contact was unpermitted and offensive.

## V. DAMAGES

32. As a result of Defendant's actions, Plaintiff suffered:

a. Economic damages of approximately $1,000 associated with the 24-hour travel disruption, including food, transportation, and incidental costs;

b. Emotional distress, humiliation, and disruption of travel;

c. Ongoing psychological impact;

d. Aggravation of existing medical conditions;

e. Loss of dignity associated with removal from a commercial flight.

33. Plaintiff reserves the right to supplement damages as additional information becomes available.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests:

1. Judgment against Defendant for compensatory damages;

2. Such additional relief as the Court deems just and proper;

3. Costs of this action;

4. Leave to amend this Complaint as necessary.

**Respectfully submitted,**

Jeffrey R. Davis
1812 SW 69th Terrace
Okeechobee, Florida 34974
347-308-0077

Plaintiff, Pro Se

Signature: _____

Date: _____ 4/28/2026

**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX**

JEFFREY RAINER DAVIS,          )
                                         )
                Plaintiff,         )        CASE NO. SX-2026-cv-00193
                                         )
      vs.                        )        ACTION FOR BAD FAITH
                                         )
DELTA AIRLINES, INC.,         )
                                         )
              Defendant.     )

**ANSWER AND AFFIRMATIVE DEFENSES**

**NOW COMES,** Defendant Delta Air Lines, Inc. (improperly named in the Complaint as Delta Airlines, Inc.) (hereinafter "Delta"), by and through its undersigned counsel, and responds to Plaintiff's Complaint ("Complaint") as follows:

**PARTIES**

1.    Delta admits that Plaintiff was a ticketed passenger for that flight.

2.    Admitted.

**JURISDICTION AND VENUE**

3.    The corresponding paragraph states a legal conclusion. To the extent a response is required, it is denied.

4.    The corresponding paragraph states a legal conclusion. To the extent a response is required, it is denied.

**STATEMENT OF FACTS**

5.    Delta admits that Plaintiff was a ticketed passenger for that flight.

6.    Denied.

7.    Admitted.

8.    It is admitted that Plaintiff had a cup in his hand, but Delta denies it was empty.  The remainder is denied for lack of information.

9.    Denied.

10.    Denied.

11.    Delta denies the allegation as stated insofar as the allegation includes the "physical contact" allegation.  Delta lacks sufficient knowledge and information at this time to admit or deny the remainder.

12.    Delta admits that the captain assisted in the removal of Plaintiff from the aircraft.

13.    Delta admits the allegation that Plaintiff complied with deboarding at this time based on information currently known.

14.    It is admitted that Plaintiff was not medically evaluated or "tested."  It is denied that Delta personnel did not ask questions of Plaintiff.  They also observed indicia of intoxication.

15.    Delta admits that its passenger record indicates a purported hearing impairment, but Plaintiff is left to his proof of that impairment, and any circumstances in which he communicated it.

16.    Denied.

17.    Delta denies the allegation for lack of knowledge and information and also because of vagueness of the allegation.  The gist of the allegation is denied because Delta personnel observed indicia of intoxication.

18.    The allegation of a "statement" is denied for lack of knowledge and information.

19.    Delta denies the allegation as stated; the allegation is vague.  Delta avers that it rebooked Plaintiff.

20.    Delta denies that Plaintiff's speech was coherent during the entirety of the interaction.  Delta lacks knowledge and information regarding the alleged text message.

21.    Delta admits that Plaintiff was rebooked and flew on Delta the next day.

22.    Denied.

## CAUSES OF ACTION

## COUNT I - NEGLIGENCE

23.    The corresponding paragraph states a legal conclusion.  To the extent a response is required, it is denied.

24.    Denied.

25.    Denied.

## COUNT II – VIOLATION OF AIR CARRIER ACCESS ACT
### (14 C.F.R. PART 382)

26.    Delta denies the allegation for lack of knowledge and information. Delta leaves Plaintiff to his proof of any alleged hearing impairment.  Further, Delta specifically avers that any alleged hearing impairment was not the reason for Plaintiff's removal from the flight.

27.    Denied.

28.    Denied.

## COUNT III - BATTERY

29.    Denied.

30.    Denied.

31.    Denied.

## DAMAGES

32.    Denied.

33.    Denied that Plaintiff is entitled to any damages.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action against Delta upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Any action taken by Delta was lawful and privileged pursuant to 49 U.S.C. § 44902.

## THIRD AFFIRMATIVE DEFENSE

Pursuant to Delta's Tariff on file with the Department of Transportation of the United States, Delta is not liable to Plaintiff or, in the alternative, Delta's liability is limited.

## FOURTH AFFIRMATIVE DEFENSE

Pursuant to Delta's contract of carriage, Delta is not liable to Plaintiff or, in the alternative, Delta's liability is limited.

## FIFTH AFFIRMATIVE DEFENSE

Delta violated no duty to Plaintiff, if any was owed by it, which proximately or directly caused the injuries and damages alleged to have been sustained.

## SIXTH AFFIRMATIVE DEFENSE

The damages alleged in the Complaint were not proximately caused by any negligence, want of care, or other culpable conduct on the part of Delta.

## SEVENTH AFFIRMATIVE DEFENSE

The damages allegedly sustained by Plaintiff were caused or contributed to by Plaintiff's own culpable conduct and Delta is, therefore, not liable to Plaintiff

or, alternatively, Delta's liability to Plaintiff is partial only and should be reduced in accordance with applicable law.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages, if any, and Plaintiff is therefore barred from recovering any such damages from Delta.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's recovery, if any, should be reduced by any collateral source payment made to Plaintiff or to any person for whom damages are being or will be sought by Plaintiff.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's state law causes of action against Delta are completely preempted, explicitly or implicitly, either in whole or in part, by federal law, including the Federal Aviation Act of 1958 as amended P.L. 5-726, 72 Stat. 731, formerly codified as 49 U.S.C. § 3101 et seq. (now recodified and incorporated into 49 U.S.C. § 40101 et seq.), 49 U.S.C. § 41713, or other U.S. federal law, including the relevant federal aviation regulations.

### ELEVENTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed pursuant to the doctrine of *forum non conveniens*.

**WHEREFORE,** Defendant Delta Air Lines, Inc. demands a judgment dismissing the Complaint against it in its entirety or, alternatively, a judgment limiting its liability pursuant to the foregoing, together with the costs of the within action and all other relief which to this court may seem just and proper under the circumstances.

Respectfully Submitted,

**CSA ASSOCIATES, P.C.**
1138 King Street, Suite 100, Christiansted, VI 00820
TEL: (340) 773-3681

Dated:  July 8, 2026                 By:   /s/ Ryan C. Stutzman
                                                    Ryan C. Stutzman, Esq. (VI Bar No. R2053)
                                                    *Attorney for Delta Air Lines, Inc.*

**CERTIFICATE OF SERVICE**

I do hereby certify that on July 8, 2026, a true and correct copy of the foregoing document was served via CM/ECF to:

Jeffrey R. Davis
1812 SW 69th Terrace
Okeechobee, FL  34974
jeffuscg@gmail.com

/s/ Ryan C. Stutzman
Ryan C. Stutzman

## IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| **JEFFREY RAINER DAVIS,** | CASE NO. SX-2026-CV-*00193* |
| **Plaintiff,** | |
| v. | ACTION FOR BREACH OF CONTRACT |
| **DELTA AIR LINES, INC.,** | |
| **Defendant.** | |

### ORDER

**THIS MATTER** comes before the Court on the following: Plaintiff's Motion for Entry of Default and Defendant's Opposition; Defendant's Answer and Plaintiff's Motion to Strike the same, and; Plaintiff's Motion for Preservation of Source Records and Electronically Stored Information and Defendant's Opposition thereto. The premises having been fully considered, it is hereby

**ORDERED** that, the Defendant having shown good cause and having now Answered the Complaint, and in light of the policy favoring resolution of disputes on the merits, the Plaintiff's Motion for Entry of Default is **DENIED**; it is further

**ORDERED** that, in light of the foregoing, the Plaintiff's Motion to Strike Defendant's Answer and Affirmative Defenses is also **DENIED**, as moot; it is further

**ORDERED** that, as the parties have not yet engaged in discovery or reported a dispute in that regard, the Plaintiff's Motion for Preservation of Source Records and Electronically Stored Information will be **DENIED** as premature. Finally, it is

*SX-2026-CV-00193*
*Order*
Page 2 of 2

**ORDERED** that, the Defendant having now answered the Complaint, the parties shall meet and confer to develop a discovery plan governing this matter and shall, **no later than 21 days from the date of entry of this Order**, file a Proposed Discovery Plan/Joint Scheduling Order with the Court. Such proposed order shall reflect the parties' consideration of all potential discovery issues and shall include a date by which mandatory mediation will be completed.

**SO ORDERED** this __16TH__ day of __July__ 2026.

Hon. Venetia Harvey Velazquez
Judge Superior Court of the Virgin Islands

ATTEST: TAMARA CHARLES,
Clerk of Court

By _____
Deputy Clerk

Dated __July 16, 2026__

## IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
### DIVISION OF ST. CROIX

JEFFREY RAINER DAVIS,

                            **Plaintiff,**

           v.

DELTA AIRLINES, INC.,

                        **Defendant.**

**CASE NO. SX-2026-CV-00193**

**ACTION FOR BREACH OF CONTRACT**

JURY TRIAL DEMANDED

### ORDER

AND NOW,

In light of the Court's order entered on July 16, 2026, outlining how the parties are to move forward in this matter, it is hereby

**ORDERED** Plaintiff's Motion for Limited Interim Protective order is hereby **DENIED** as **MOOT**; and it is finally

**ORDERED** that a copy of this Order be served on the parties.

DONE and so ORDERED this ___14TH___ day of July 2026.

_____
HON. VENETIA HARVEY VELAZQUEZ
                      Judge

ATTEST:
**Tamara Charles**
**Clerk of the Court**

By: _Lailom Canton_

    **Court Clerk II**

Dated: ___7/20/26___