**FOR SETTLEMENT PURPOSES ONLY - FEDERAL RULE OF EVIDENCE 408**

**NOT FOR FILING IN C-TRACK**

**July 18, 2026**

**VIA EMAIL**

Ryan Christopher Stutzman, Esq.
Counsel for Delta Air Lines, Inc.

**Re: Jeffrey Rainer Davis v. Delta Air Lines, Inc.**

Superior Court of the Virgin Islands, St. Croix Division
Case No. SX-2026-CV-00193

Dear Mr. Stutzman:

Plaintiff Jeffrey Rainer Davis submits this proposal as a separate compromise communication. It does not concede any fact, claim, defense, damages issue, procedural position, or requested protective relief. Plaintiff remains prepared to proceed through discovery, motion practice, and trial. Nevertheless, he is willing to resolve the entire dispute now before the parties incur substantially greater expense and burden.

**Monetary demand.** Plaintiff demands Two Million Five Hundred Thousand Dollars ($2,500,000.00), exclusive of any separately agreed tax gross-up or equivalent tax-protection payment described below.

**Required settlement terms.** Any resolution must include the following material terms, in addition to the monetary payment:

| Term | Requirement |
|---|---|
| **Payment** | Payment of all agreed sums within fifteen calendar days after execution, by verified funds. |
| **Record-clearing certificate** | A notarized certificate signed by an authorized Delta representative, using Plaintiff's full legal name and identifying the flight, confirmation number, and incident. |
| **Intoxication allegation** | The certificate must state that Delta withdraws, corrects, or no longer maintains an affirmative determination that Plaintiff was intoxicated or inebriated in connection with the February 19, 2026 incident. |
| **Record correction** | Correction of passenger, PNR, ticket-coupon, travel-date, incident, Customer Care, security, refund, eCredit, and related records, including the verified date Plaintiff traveled. |
| **No adverse designation** | Written confirmation that no do-not-transport, blacklist, restricted-travel, disruptive-passenger, security-risk, litigation-risk, or comparable adverse designation remains because of this incident. |
| **No further dissemination** | No further voluntary dissemination of the intoxication allegation or related adverse characterization, except as legally required. |
| **Tax structure** | Lawful allocation and reporting, accurate tax forms, prompt correction of errors, and a separate gross-up or equivalent payment addressing agreed tax consequences, subject to professional tax review. |
| **Mutual terms** | No admission of misconduct by Plaintiff; mutual, narrowly drafted non-disparagement; and no one-sided confidentiality provision that restricts Plaintiff more broadly than Delta. |
| **Release and dismissal** | A release limited to the incident and claims being resolved. Plaintiff will not dismiss the action until the monetary payment has cleared and all material nonmonetary obligations have been completed or secured in enforceable form. |
| **Delta account** | At Plaintiff's election, closure of his Delta account only after full settlement performance and preservation of all evidence required for tax, enforcement, or record-correction purposes. |

**Response and settlement process.** Please provide a meaningful written response by 5:00 p.m. Eastern Time on July 31, 2026. If Delta prefers, Plaintiff is willing to participate promptly in direct negotiations or early mediation, provided a Delta representative with full settlement authority participates.

This proposal may be withdrawn or modified based on later evidence, discovery, rulings, or changed circumstances. It is separate from Plaintiff's Rule 26(f) and temporary-standstill correspondence, and it does not suspend any deadline or alter any litigation position.

Respectfully,

**Jeffrey Rainer Davis**
Plaintiff, pro se
jeffuscg@gmail.com
347-308-0077