**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| **JEFFREY RAINER DAVIS,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**DELTA AIR LINES, INC.,**<br><br>**Defendant.** | **1:26-cv-00021-RAM-EAH** |
| **JEFFREY RAINER DAVIS,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**DELTA AIR LINES, INC. and**<br>**JOHN DOE FLIGHT ATTENDANT No. 1,**<br><br>**Defendants.** | **1:26-cv-00024-RAM-EAH** |

**TO: Jeffrey Rainer Davis, Pro Se**
**Ryan C. Stutzman, Esq.**

**ORDER**

**THIS MATTER** comes before the Court on "Plaintiff's Motion for Prospective Protective, Corrective, Source-Preservation, and Public-Filing Relief Regarding Coast Guard Credentials, Federal-Status References, Alcohol/Drug/Medication Records, and Related Security Information," filed by Plaintiff Jeffrey Rainer Davis, appearing pro se, on October 22, 2026. Dkt. No. 124. The Court issues this Order without the need for a response by the Defendant. *See* LRCi 6.1(b)(4).

In the Motion, Mr. Davis seeks a smorgasbord of relief, which he sets out in twelve paragraphs. *Id*. at 2-5. Included in that relief is a request to require the Court to preserve reasonably available information, apparently from Defendant Delta Air Lines, Inc., that would include "the words 'armed' or firearms,' the alcohol/intoxication determination, the combined 'Alcohol/Drug Event' coding, medication references, removal decision, security notification, and rebooking sequence"; "[e]nter a standing public-filing protocol for Protected Material"; "[c]larify that Delta's combined system descriptor 'Passenger Misconduct/Disruption/Non-Compliance-> Alcohol/Drug Event->Boarded Intoxicated' does not, without an identified source or system explanation, establish illicit drug purchase, possession, or use": "[e]stablish a prospective handling protocol for future requests that touch Protected Material:"; and permit him to use the pseudonym J.D. "in a future filing if the Court concludes that reaction and category-based sealing are insufficient to that filing." *Id.* He asks the Court to enter separate Orders and to make the determinations that the parties were required to make in the extant Protective Order as to how certain purportedly-confidential discovery documents must be referred to and addressed. He also asks the Court to compel the Defendant to agree to his view of how certain discovery should be handled. In addition, he seeks redaction of certain material already on the docket. *Id.*

This is the sixth motion that Mr. Davis has filed for some sort of Protective Order. *See* Dkt. Nos. 20, 74, 83, 122, 124, 125. The Court denied the first two motions based on Mr. Davis's non-compliance with LRCi 7.1(e), *see* Dkt. Nos. 26, 75. The Court denied his third

motion for a Protective Order on the merits during the September 24, 2026 hearing, memorialized in Dkt. No. 92. At that hearing, the Court also arrived at a consensus between the parties for the text of a Protective Order, which the Court later entered on the docket. Dkt. No. 93. The fourth motion for a protective order, filed two days prior to the instant (fifth) motion, purportedly seeks a "mechanism" for discovery procedures while the parties and the Court "determine the proper scope and method for obtaining sensitive third-party records and electronically-stored information" and also seeks protection from executing Delta's four authorization forms for medical and other records that Delta seeks in discovery. Dkt. No. 122. The sixth motion for a protective order, filed a day after the instant motion, also seeks, inter alia, protection against Mr. Davis signing the authorization forms and repeats a number of the earlier requests for how information produced should be handled. Dkt. No. 125. Because the fourth and sixth motions appear to address discovery-related issues that will be discussed at an upcoming informal discovery conference, this Order does not address those motions.

The Court will deny Mr. Davis's instant motion, Dkt. No. 124, the fifth of the series, for several reasons. First, the Court already addressed many of the issues contained in the instant motion during the September 24, 2026 hearing, as represented by the Order denying on the merits one of Mr. Davis's prior Motions for Protective Orders, Dkt. No. 83. In that motion, Mr. Davis sought, inter alia, prospective relief related to his (retired) Coast Guard status and permission to proceed under a pseudonym. Dkt. No. 92. In addition, the Court has

entered an *agreed-upon* Protective Order, Dkt. No. 93, that resolved Mr. Davis's issues surrounding the procedures regarding the handling of confidential information that govern the proceedings in this case. That Order required *the parties* to agree on confidentiality protocols; the Court will not be drawn in to the nitty-gritty of issues that the parties should resolve. Moreover, Mr. Davis does not explain how the procedures in the governing Protective Order are insufficient to handle his requests for relief, many of which appear to be covered by that Order. It also appears that Mr. Davis does not wish to amend that Protective Order but to prompt the Court to issue an entirely new Protective Order. A party seeking a protective order "must demonstrate that good cause exists for the order." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994) (citation modified). Mr. Davis has not shown the requisite good cause, either to amend the governing Protective Order or for the Court to issue a new Protective Order.

Second, a number of Mr. Davis's requests, under the guise of seeking a protective order, actually seek a merits determination of the issues in this case. For example, he asks the Court to determine that certain records do not "establish" certain facts. Dkt. No. 124 at 4. Other requests seek to compel Delta to agree to Mr. Davis's view of how discovery of documents is handled, *see id.* at 2-4. These are improper requests for a protective order, which is geared to shield a party from "annoyance, embarrassment, oppression or undue burden or offense," and provides various ways the court may limit the disclosure of confidential information during the discovery process. Fed. R. Civ. P. 26(c)(A)-(G).

Third, the Court will not order Delta to clarify or preserve evidence based on Mr. Davis's requests in the Motion. In addition to the fact that a Motion for Protective Order is an improper vehicle for seeking such relief, it is completely unclear whether the material described by Mr. Davis is relevant to the issues in this case. It is also unclear how much of the relief Mr. Davis is seeking is prospective (as indicated in the title of his motion) and thus does not involve a current dispute.

Finally, the Court has already warned Mr. Davis that it is improper to file a motion in which the movant seeks many different forms of relief. *See* Dkt. No. 13 at 4 ("The Court also emphasizes to Mr. Davis the litigation axiom that if a party seeks different types of relief, that party should file a separate motion seeking each particular type of relief. *See, e.g. Nestor v. Allegheny Cnty*., No. 23-cv-807, 2023 WL 12052999, at *1 (W.D. Pa. May 23, 2023) (advising party that multiple forms of relief cannot be sought in one motion; the party must file a separate motion for each request). Accordingly, the Court will not consider a motion seeking more than one type of relief."). Having previously been warned about the impropriety of filing a motion seeking numerous forms of relief, the Court views the instant motion not merely as a procedural faux pas but as one more example of Mr. Davis ignoring Court Orders.

Accordingly, the Court will deny Mr. Davis's Motion.

The Court reiterates that this is the sixth motion Mr. Davis has filed seeking a protective order. This is in line with Mr. Davis's excessive number of filings in this case, in which he repeatedly seeks the same relief. The difference with this motion and the prior

motions (other than the motions he filed on October 20 and 23, 2026, Dkt. Nos. 122, 125), is that the Court has already entered a Protective Order. The Court reminds Mr. Davis that he cannot continue to file duplicative motions or motions seeking more than one type of relief. The Court warns Mr. Davis that if he continues to file such motions, needlessly cluttering the docket and ignoring Court Orders, the Court will issue another Order to Show Cause requiring him to explain, in person before the Court, why he should not be sanctioned for this conduct.

= Accordingly, it is hereby **ORDERED** that Plaintiff's "Motion for Prospective Protective, Corrective, Source-Preservation, and Public-Filing Relief Regarding Coast Guard Credentials, Federal-Status References, Alcohol/Drug/Medication Records, and Related Security Information," Dkt. No. 124, is **DENIED**.

ENTER:

Dated: October 23, 2026

/s/ Emile A. Henderson III
EMILE A. HENDERSON III
U.S. MAGISTRATE JUDGE