**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| **JEFFREY RAINER DAVIS,**<br>**Plaintiff,**<br>**v.**<br>**DELTA AIR LINES, INC.,**<br>**Defendant.** | **1:26-cv-00021-RAM-EAH** |
| **JEFFREY RAINER DAVIS,**<br>**Plaintiff,**<br>**v.**<br>**DELTA AIR LINES, INC. and**<br>**JOHN DOE FLIGHT ATTENDANT No. 1,**<br>**Defendants.** | **1:26-cv-00024-RAM-EAH** |

**TO: Jeffrey Rainer Davis, Pro Se**
**Ryan C. Stutzman, Esq.**

**ORDER**

**THIS MATTER** comes before the Court on "Plaintiff's Motion for Leave to File First Amended Complaint" ("Motion to Amend"), filed on October 3, 2026 by Plaintiff Jeffrey Rainer Davis, Dkt. No. 102, and "Plaintiff's Motion for Leave to File Supplemental Memorandum of Constitutional, Federal Statutory, Retired-Service, and Civil-Remedy Authorities in Support of ECF. No. 102" ("Motion to Supplement"), filed on October 6, 2026, Dkt. No. 107. Defendant Delta Air Lines Inc. filed Oppositions to the Motion to Amend and the Motion to Supplement on October 16, 2026, Dkt. Nos. 117 and 116 (respectively), and Mr. Davis filed a Corrected Reply to the Opposition to the Motion to Amend on October 20,

2026. Dkt. No. 120. For the reasons that follow, the Court will deny Plaintiff's Motion to Amend for failure to comply with this Court's Local Rules of Civil Procedure, and it will also deny the Motion to Supplement.

**BACKGROUND**

Mr. Davis, appearing pro se, initially filed this Complaint in the Superior Court of the Virgin Islands, alleging that he was a passenger on Delta Air Lines Flight 1809 departing from St. Croix on February 19, 2026. Dkt. No. 1-2. He described an incident where, after he boarded, a flight attendant forcibly removed a cup from his hand; that encounter involved "non-consensual physical contact." The aircraft captain thereafter instructed him to gather his belongings and exit the aircraft. Mr. Davis was rebooked and traveled on the same flight the following day without issue. *Id*. He asserted claims of negligence, violation of the Air Carrier Access Act ("Part 382"), and battery, and claimed economic damages of $1,000. *Id.*

Defendant Delta Air Lines Inc. ("Delta") removed this action to federal court on July 21, 2026, which was docketed as Case No. 1:26-cv-00021 (the "Initial Case"). Dkt. No. 1. Delta had filed an Answer and Affirmative Defenses in the Superior Court. Dkt. No. 1-2 at 6-12. On September 9, 2026, Delta removed a second case from the Superior Court of the Virgin Islands to this Court: *Davis v. Delta Air Lines, Inc. and John Doe Flight Attendant No. 1,* docketed under 1:26-cv-00024 (the "Second Case"). Dkt. No. 1-2 in 1:26-cv-00024. In the operative First Amended Complaint ("FAC") in the Second Case, Mr. Davis again alleged facts surrounding the same February 19, 2026 incident on board Delta Flight 1809 at the St. Croix Airport; he alleged claims for "civil battery against John Doe Flight Attendant No. 1,"

"vicarious liability for battery against Delta Air Lines Inc.," and "negligence and immediate passenger-control failure against Delta Air Lines Inc." and sought damages. *Id.* Delta filed a Motion to Consolidate the instant case with the Second Case. Dkt. No. 71. The Court ordered the two cases consolidated, given that the factual allegations in the two complaints, the claims, and the damages alleged were very similar and involved similar witnesses, documents, operative facts, and legal issues. Dkt. No. 77.

In the Motion to Amend, Mr. Davis apparently seeks to amend only the Initial Case, docketed as 1:26-cv-00021. Dkt. No. 102. In his Motion to Amend, however, Mr. Davis has run afoul of Local Rule 15.1(a) governing amendment. That Rule provides, in pertinent part:

> A party who moves to amend a pleading shall file the proposed amendment with the motion. Except as otherwise ordered by the Court, any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, *must reproduce the entire pleading as amended specifically delineating the changes or additions* and may not incorporate any prior pleading by reference.

LRCi 15.1(a) (emphasis added). In other words, the "redlined" version that must accompany the Motion to Amend must show additions, modifications, deletions, and other proposed changes made to the original document *within* that original document (as "track changes" or similar editing feature) in order that the Court may clearly understand how a party intends to change that original document.

Mr. Davis did not comply with that Rule. Instead, in his "redlined" exhibit to the Motion to Amend, he struck through the entire original complaint, after which he reproduced his entire proposed Amended Complaint which did not indicate what facts, or claims, or other allegations were carried over or otherwise changed from the original complaint. Dkt.

No. 102-1. As a result, his "redlined" version, Dkt. No. 102-1, is exactly the same as his proposed Amended Complaint (Clean Copy), Dkt. No. 102-2, with the exception of underlining in the "redlined" version that is meant to show new material. Mr. Davis explains that he submitted the "redlined" version the way he did "[f]or clarity, because the amendment reorganizes and materially expands the factual pleadings." Dkt. No. 102-1 at 1. But the purpose of redlining as an editing tool is to compare the original document with an amended one—in one document—in order that the changes may be easily recognized.

The Court once again admonishes Mr. Davis to comply with the Local Rules. The Court has never had occasion to explain to a litigant what a proper "redlined" version of a document is in relation to a Motion to Amend. It is therefore apparent that the Rule, as written, is easily understood. It is also apparent that Mr. Davis continues to disregard the Local Rules—as the Court has found numerous times in this case, *see, e.g.,* Dkt. Nos. 13, 24, 54, 55, 61, 62, 69, 75, 78, 115—and decides to do what he wishes to do, which often has the effect of disregarding the rules and procedures integral to Court operations. The Court's patience with Mr. Davis's approach is waning, and the Court urges him, once again, to precisely follow the Local Rules.

In addition, while the Court is aware that LRCi 5.1(a), governing the format of documents, does not apply to pro se parties, it will require Mr. Davis to comply with that Rule. LRCi 5.1(a) requires that

> All pleadings, motions and other papers presented for filing shall be *double-spaced* except for quoted material. Each page shall be numbered consecutively. All documents shall be prepared in an 8-1/2 x 11-inch format with, at

> minimum, one-inch margins on all sides (top, bottom, left right) and shall be plainly typewritten or printed in at least 12-point font, on a white background.

LRCi 5.1(a) (emphasis added). The proposed Amended Complaint, Dkt. No. 102-2, is 21 pages long and single-spaced, which is difficult to read. The Court will require Mr. Davis to comply with LRCi 5.1(a) in all future filings. This will also help insure that LRCi 7.1(b), concerning page limits for motions and responses, is complied with.

In sum, because Mr. Davis has not complied with LRCi 15.1(a), the Court will deny his Motion to Amend, Dkt. No. 102. Because it denies the Motion to Amend, it will also deny Mr. Davis's Motion to Supplement, Dkt. No. 107.

Accordingly, it is now hereby **ORDERED:**

1. Plaintiff's Motion for Leave to File First Amended Complaint, Dkt. No. 102, is **DENIED**.
2. Plaintiff's Motion for Leave to File Supplemental Memorandum of Constitutional, Federal Statutory, Retired-Service, and Civil-Remedy Authorities in Support of ECF. No. 102, Dkt. No. 107, is **DENIED.**
3. Should Mr. Davis wish to amend his Complaint, he must file such a motion, in compliance with the Local Rules of this Court, on or before **November 5, 2026**.

ENTER:

Dated: November 2, 2026

/s/ Emile A. Henderson III
EMILE A. HENDERSON III
U.S. MAGISTRATE JUDGE