**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| **JEFFREY RAINER DAVIS,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**DELTA AIR LINES, INC.,**<br><br>**Defendant.** | **1:26-cv-00021-RAM-EAH** |
| **JEFFREY RAINER DAVIS,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**DELTA AIR LINES, INC. and**<br>**JOHN DOE FLIGHT ATTENDANT No. 1,**<br><br>**Defendants.** | **1:26-cv-00024-RAM-EAH** |

**TO:** **Jeffrey Rainer Davis, Pro Se**
**Ryan C. Stutzman, Esq.**

**ORDER**

**THIS MATTER** comes before the Court on "Plaintiff's Motion for Reconsideration of ECF No. 134 and for Limited Leave to Cure the LRCi 15.1(a) Presentation Defect," filed on November 7, 2026 by Plaintiff Jeffrey Rainer Davis, appearing pro se. Dkt. No. 136. The Court issues this Order without need for a response from Defendant Delta Air Lines, Inc. or a reply. *See* LRCi 6.1(b)(4). For the reasons that follow, the Court will deny the motion.

**BACKGROUND**

Mr. Davis initially filed a Complaint against Delta Air Lines, Inc. in the Superior Court of the Virgin Islands. He alleged that he was a passenger on Delta Air Lines Flight 1809 departing from St. Croix on February 19, 2026. Dkt. No. 1-2. He described an incident where, after he boarded, a flight attendant forcibly removed a cup from his hand and the aircraft captain instructed him to gather his belongings and exit the aircraft. Mr. Davis was rebooked and traveled on the same flight the following day without issue. *Id*. He asserted claims of negligence, violation of the Air Carrier Access Act ("Part 382"), and battery. *Id.*

Delta removed this action to federal court on July 21, 2026, which was docketed as Case No. 1:26-cv-00021 (the "Initial Case"). Dkt. No. 1. On September 9, 2026, Delta removed a second case from the Superior Court of the Virgin Islands to this Court: *Davis v. Delta Air Lines, Inc. and John Doe Flight Attendant No. 1,* docketed under 1:26-cv-00024 (the "Second Case"). Dkt. No. 1-2 in 1:26-cv-00024. In the operative First Amended Complaint ("FAC") in the Second Case, Mr. Davis again alleged facts surrounding the same February 19, 2026 incident on board Delta Flight 1809 at the St. Croix Airport; he alleged claims for "civil battery against John Doe Flight Attendant No. 1," "vicarious liability for battery against Delta Air Lines Inc.," and "negligence and immediate passenger-control failure against Delta Air Lines Inc." and sought damages. *Id.* Delta filed a Motion to Consolidate the instant case with the Second Case. Dkt. No. 71. The Court ordered the two cases consolidated, given that the factual allegations in the two complaints, the claims, and the damages alleged were similar and involved similar witnesses, documents, operative facts, and legal issues. Dkt. No. 77.

On November 4, 2026, Mr. Davis filed a Motion to Amend, seeking to amend the complaint in only the Initial Case. Dkt. No. 102. Delta opposed the motion, Dkt. No. 117, and Mr. Davis filed a reply, Dkt. No. 119. In an Order issued on November 2, 2026, the Court denied Mr. Davis's Motion to Amend, ruling that he had run afoul of Local Rule 15.1(a) governing amendment. Dkt. No. 130 at 3. That Rule provides, in pertinent part:

> A party who moves to amend a pleading shall file the proposed amendment with the motion. Except as otherwise ordered by the Court, any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, *must reproduce the entire pleading as amended specifically delineating the changes or additions* and may not incorporate any prior pleading by reference.

LRCi 15.1(a) (emphasis added). The Court explained, in detail, that the "redlined" version that must accompany the Motion to Amend "must show additions, modifications, deletions, and other proposed changes made to the original document *within* that original document (as "track changes" or similar editing feature) in order that the Court may clearly understand how a party intends to change that original document." *Id.* Mr. Davis, however, had not complied with that Rule: his "redlined" exhibit struck through the entire original complaint, after which he reproduced his entire proposed Amended Complaint. This formatting did not indicate what facts, or claims, or other allegations were carried over or otherwise changed from the original complaint, which made his "redlined" version, Dkt. No. 102-1, exactly the same as his proposed Amended Complaint (Clean Copy), Dkt. No. 102-2. Mr. Davis explained that he submitted the "redlined" version the way he did "[f]or clarity, because the amendment reorganizes and materially expands the factual pleadings." Dkt. No. 102-1 at 1.

In the November 2, 2026 Order, the Court observed that it never had occasion to explain to a litigant what a proper "redlined" version of a document was in relation to a Motion to Amend and that it was apparent that the Rule, as written, was easily understood. Dkt. No. 130 at 4. The Court also observed that Mr. Davis continued to disregard the Local Rules—as the Court has found numerous times in this case, *see, e.g.,* Dkt. Nos. 13, 24, 54, 55, 61, 62, 69, 75, 78, 115—and that he often decided to do what he wished to do, which often had the effect of disregarding the rules and procedures integral to Court operations. The Court warned that its patience with Mr. Davis's approach was waning, and urged him, once again, to precisely follow the Local Rules. *Id.* The Court permitted Mr. Davis to file a Motion to Amend that complied with the Local Rules by November 5, 2026. *Id*. at 5.

On November 4, 2026, Mr. Davis filed a Renewed Motion for Leave to File First Amended Complaint. Dkt. No. 132. The "redlined" version of the Proposed First Amended Complaint, Dkt. No. 132-1, was exactly the same as the "redlined" version he had filed with his initial Motion to Amend. Dkt. No. 102-1. In other words, Mr. Davis had not complied with the November 2, 2026 Order that had instructed him how to properly file a Motion to Amend that comported with LRCi 15.1(a), and had not offered any explanation why he had ignored the directive in that Order. On November 6, 2026, in a Text Order, the Court denied the Renewed Motion to Amend "for failure to comply with LRCi 15.1(a) and failure to comply with the Court's November 2, 2026 Order that provided Mr. Davis clear instructions on how to properly file a proposed Amended Complaint. The Court considers this one more instance

of Plaintiff's failure to comply with Court Orders and Local Rules that have plagued Mr. Davis's filings in this case." Dkt. No. 134.

On November 7, 2026, Mr. Davis filed the instant Motion for Reconsideration. Dkt. No. 136. He states that he does not dispute the Court's November 6, 2026 finding "that the redline submitted with ECF No. 132 did not comply with LRCi 15.1(a) and the specific redline instruction in ECF No. 130." Dkt. No. 136 at 1. Instead, he asks the Court to permit him to file the same five-count proposed amended complaint timely presented on November 4, 2026. He adds that the "corrected redline" submitted with the Motion for Reconsideration "uses the original complaint itself as the baseline and shows deletions, insertions, and modifications within that pleading using tracked changes." *Id.* Mr. Davis bases the Motion for Reconsideration on the need to prevent "manifest injustice," given that he timely filed the Renewed Motion to Amend prior to the November 5, 2026 deadline. He asserts that if the Court's November 6, 2026 Order (Dkt. No. 134) denying the renewed motion is treated as foreclosing any corrected submission after November 5, his timely amendment "would never be considered because of a nonwillful form and presentation defect that has now been corrected." *Id* at 2. If the Court concludes the November 5 deadline prevents submission of the corrected documents, Mr. Davis alternatively requests a "limited extension under Rule 6(b)(1)(B)" so that the procedural cure may be accepted. *Id*.

In his argument section, Mr. Davis reiterates that he "accepts" the Courts ruling that Dkt. No. 132 (the Renewed Motion) did not comply with the redline format and does not ask the Court to excuse the defective document. He asks leave to present that same timely

amendment in the format the Court required. Dkt. No. 136 at 4. He points out that that cure does not enlarge the amendment or alter the existing case schedule. *Id*. He cites Fed. R. Civ. P. 83(a)(2), that provides that a local rule imposing a requirement of form must not be enforced in a manner that would cause a party to lose a right because of a nonwillful failure to comply, which supports curing a nonwillful form defect so the timely amendment may be considered. *Id*. at 5

In the alternative, if the Court concludes that submission of the corrected documents after November 5 required an extension of the November 5, 2026 deadline set in the November 2, 2026 Order, Mr. Davis argues that the Court may permit the correction under Rule 6(b)(1)(B). *Id.* He asserts that the relevant delay is short. While the November 2, 2026 Order, Dkt. No. 130, gave an express filing instruction, and construction of the defective redline was within his control, he reasserts the mistake was nonwillful. *Id*. at 5-6. He concludes by pointing out that the corrected redline (accompanying the Motion for Reconsideration) complies with the requirements in the November 2, 2026 Order. *Id*. at 6.

Mr. Davis attached a Declaration to his Motion for Reconsideration in which he stated that he "did not intend to disregard ECF No. 130 [the November 2, 2026 Order]. At the time ECF No. 132 [the Renewed Motion to Amend] was filed, I believed that the proposed amendment materials being submitted complied with the Court's redline instruction. ECF 134 [the November 6, 2026 Order] made clear they did not." Dkt. No. 136-3 ¶ 3. He goes on to say that, "[a]fter ECF No. 134 was entered, I returned to the operative original complaint at ECF No. 1-2, pages 1-5, and caused the proposed amendment to be reconstructed from

that pleading so that deletions, insertions, and modifications are displayed within the original pleading using tracked changes." *Id.* ¶ 4.

**DISCUSSION**

**I. Motion for Reconsideration**

Pursuant to Local Rule of Civil Procedure 7.3, a motion for reconsideration "shall be based on: (1) an intervening change in controlling law; (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice." LRCi 7.3(a). Motions for reconsideration "are not to be used as 'a vehicle for registering disagreement with the court's initial decision, for rearguing matters already addressed by the court, or for raising arguments that could have been raised before but were not.'" *United States v. Matthias*, No. 3:19-cr-0069, 2022 WL 2157111, at *3 (D.V.I. June 15, 2022). With regard to the correcting clear error or preventing manifest injustice prong,

> clear error exists if, "'after reviewing the evidence,' [the reviewing court is] 'left with a definite and firm conviction that a mistake has been committed.'" *Norristown Area Sch. Dist. v. F.C.*, 636 F. App'x 857, 861 n.8 (3d Cir. 2016) (quoting *Oberti v. Bd. of Educ.*, 995 F.2d 1204, 1220 (3d Cir. 1993)). In the context of a motion to reconsider, manifest injustice "[g]enerally [ ] means that the Court overlooked some dispositive factual or legal matter that was presented to it." *Greene v. Virgin Islands Water & Power Auth.*, 2012 WL 4755061, at *2 (D.V.I. Oct. 5, 2012) (quoting *In re Rose*, 2007 U.S. Dist. LEXIS 64622, at *3, 2007 WL 2533894 (D.N.J. Aug. 30, 2007)). "Manifest injustice has also been defined as an 'error in the trial court that is direct, obvious, and observable.'" *Id.* (quoting *Tenn. Prot. & Advocacy, Inc. v. Wells*, 371 F.3d 342, 348 (6th Cir. 2004)).
>
> Reconsideration is an extraordinary remedy and "should be granted sparingly" in accordance with its "stringent" standard. *Chesapeake Appalachia, L.L.C. v. Scout Petroleum, LLC*, 73 F. Supp. 3d 488, 491 (M.D. Pa. 2014), *aff'd sub nom. Chesapeake Appalachia, LLC v. Scout Petroleum, LLC*, 809 F.3d 746 (3d Cir. 2016) (citation omitted); *see Bostic v. AT & T of the V.I.*, 312 F. Supp. 2d 731, 733 (D.V.I. 2004).

*Simon v. Mullgrav*, No. CV 2017-0007, 2021 WL 4005585, at *3 (D.V.I. Sept. 1, 2021).

Here, Mr. Davis raises the "manifest injustice" prong as the basis for the Court to grant his motion. He does not refer to the Court overlooking any dispositive factual or legal matter that was presented to it when it denied his Renewed Motion to Amend, or to some obvious error. In fact, he does not dispute the basis for the Court's November 6, 2026 decision—his non-compliance with the November 2, 2026 Order and Local Rule 15.1(a). Dkt. No. 136 at 1, 4. Rather, he makes a general equitable argument: despite his non-compliance, the Court should permit him to submit his motion to amend anyway because he has now complied with the November 2 Order and Local Rule 15.1, and he should not be penalized because of a "nonwillful form and presentation defect." Dkt. No. 136 at 2. But willfulness, or its absence, is not the standard for finding "manifest injustice" on a motion for reconsideration. Mr. Davis has not met the "stringent" standard for such a motion, *Simon*, 2021 WL 4005585, at *3. The Court denies Mr. Davis's Motion to the extent he seeks reconsideration of the Court's November 6, 2026 Order.

## II. Rule 6(b)(2)(B) Motion

Mr. Davis has moved in the alternative for leave to file his third Motion to Amend on the basis of "excusable neglect" under Fed. R. Civ. P. 6(b)(2)(B). That Rule provides:

> **[b](1)** ***In General.*** When an act may or must be done within a specified time, the court may, for good cause, extend the time:
> **(A)** with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
> **(B)** on motion made after the time has expired if the party failed to act because of excusable neglect.

Fed. R. Civ. P. 6(b). Excusable neglect

> is a broad inquiry and "determining whether neglect is excusable is an 'equitable' determination that 'takes account of all relevant circumstances surrounding the party's omission.'" *In re O'Brien Envtl. Energy, Inc.*, 188 F.3d 116, 125 (3d Cir. 1999) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993)). In *Pioneer*, the Supreme Court articulated four "excusable neglect" factors: "the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." 507 U.S. at 395. The moving party carries the burden of demonstrating excusable neglect. *Glasgow v. Veolia Water North America Operating Servs. LLC*, 2011 WL 3471963, at *3 (D.V.I. Aug. 5, 2011) (citing 10 Wright & Arthur R. Miller, Federal Practice and Procedure Civil § 1165 at 621-22 (3d ed. 2011)).

*Clarke v. Marriott Int'l, Inc.,* No. 08-cv-0086, 2012 WL 2285188, at * 2 (D.V.I. June 18, 2012); *see also Kissman v. St. Thomas Marina Corp*., No. 18-cv-0018, 2020 WL 13561719, at *3 (D.V.I. Sept. 9, 2020), *report & recommendation adopted*, 2022 WL 4599180 (D.V.I. Sept. 30, 2022).

> Generally, excusable neglect seems to require a demonstration of good faith on the part of the party seeking an extension of time and some reasonable basis for noncompliance within the time specified in the rules. Absent a showing along these lines by the applicant, a denial of relief will not constitute an abuse of discretion by the district court. Numerous decisions have denied requests for extensions under Rule 6(b) because of an insufficient showing of excusable neglect.

4B Wright & Miller, Federal Practice & Procedure Civ. § 1165 (4th ed.) (footnotes omitted).

Mr. Davis briefly addressed some of the *Pioneer* factors in arguing that he showed excusable neglect for not filing a properly supported Motion to Amend by the November 5, 2026 deadline set by the Court. He did not address the danger of prejudice to the non-moving party factor. Dkt. No. 136 at 5. The Court agrees with Mr. Davis that the relevant delay

(a matter of days) was short. As to whether the delay was within the movant's reasonable control (part of the "reason for the delay" factor), Mr. Davis acknowledges this factor weighs against him, as following the Court's express instruction and constructing the proper redline was within his control. *Id.* He goes on to say that the mistake was "nonwillful" (perhaps a reference to the good faith *Pioneer* factor). *Id.* His Declaration provided a few more details regarding the reason for the delay: when he filed the Renewed Motion to Amend (Dkt. No. 132), in response to the Court's November 2, 2026 Order explaining how the motion should properly be filed (Dkt. No. 130), he "believed that the proposed amendment materials being submitted complied with the Court's redline instruction." Dkt. No. 136-3. The November 6, 2026 Order denying that motion (Dkt. No. 134) "made clear they did not." *Id.*

The Court concludes that the reason for the delay and good faith *Pioneer* factors decidedly weigh against Mr. Davis. The Court gives absolutely no credence to his statement that he thought that filing the *exact same redlined document*—a document that the Court had just rejected in an Order that explained in detail what he must do to file a proper Motion to Amend—complied with the Court's instructions. In other words, how could Mr. Davis have possibly thought that refiling the same rejected document that the Court had explicitly held did not comply with the Local Rules would lead to a different result? And how could it possibly be that a subsequent text order that denied his Renewed Motion to Amend finally jarred him into the reality that his Renewed Motion not only failed to comply with the Local Rules but was yet another example of his failure to comply with Court Orders when the much more fulsome November 2, 2026 Order did not? Was Mr. Davis saying that he ignored the

November 2, 2026 Order and only when the Court issued a second Order on the same issue that he decided to finally comply with the Court's directives? He certainly understood how to file a proper redlined document, as shown by his attachment to the Motion for Reconsideration, and there is nothing objectively different between the November 2 and 6 Orders, other than the greater details provided in the November 2, 2026 Order. Mr. Davis's explanation of his "belief" undergirding his filing of the Renewed Motion does not make sense; the Court views that filing as another example of the willful disregard of Court Orders and Local Rules that has marked Mr. Davis's litigation history in this Court. As a result, the equities underlying Rule 6(b)(2)(B) weigh heavily against granting Mr. Davis the relief he seeks. To the extent that his Motion for Reconsideration also seeks relief under Rule 6(b)(2)(B), the Court will deny it.

Accordingly, it is now hereby **ORDERED** that Plaintiff's Motion for Reconsideration of ECF No. 134 and for Limited Leave to Cure the LRCI 15.1(a) Presentation Defect," Dkt. No. 136, is **DENIED**.

ENTER:

Dated: November 10, 2026

/s/ Emile A. Henderson III
EMILE A. HENDERSON III
U.S. MAGISTRATE JUDGE